## H. LUCAS *v.* R. L. BELL et al.

A certificate that the record contains "all the testimony on file and of record adduced on the trial," is not sufficient to enable the appellate court to reverse the judgment, in the absence of a statement of facts, bill of exceptions, or assignment of errors apparent on the face of the record.

The Judge cannot be required to make a statement of facts at a subsequent term of the court when his recollection no longer enables him to do it.

APPEAL from the District Court of the Parish of East Feliciana, *Sterling J. Kernan*, for *Gurney*, administrator. *Bowman & Dellee*, for defendant and appellant.

VOORHIES, J. This appeal is taken by *McElvee*, against whom, as warrantor, a judgment was rendered in the court below in favor of *Gurney*, administrator of Pettes' estate, one of the defendants.

The warrantor made no appearance in the court below, and a judgment by default was made final against him on the 12th of August, 1853. At a subsequent term of the court, he applied to the Judge to make a statement of facts to enable him to prosecute an appeal, having first presented a petition and caused the plaintiff and defendants to be cited, to show cause why they should not jointly prepare a statement of facts, or in the event of their not being able to agree upon one, why it should not be made by the Judge. The Judge declared his inability after such a lapse of time, to remember what evidence was offered upon the trial, and this appeal now comes before us without any statement of facts that the record contains "all the testimony on file and of record adduced on the trial." This is not such a certificate as the law requires to enable the appellate court to reverse the judgment appealed from, when the appeal comes up without statement of facts, bill of exceptions, or assignment of errors apparent on the face of the record. The evidence in a cause need not be taken down in writing unless it is required by one of the parties, and the Judge cannot be required to make a statement of facts at a subsequent term of the court, when his recollection no longer enables him to do it.

It is therefore ordered that the appeal be dismissed at the costs of the appellant.